**United States District Court**
For the Northern District of California

*E-Filed 10/5/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ISAIAS GASPERIN,

      Plaintiff,

  v.

FURNITURE AND MATTRESS SUPERSTORE,

      Defendants.
_____/

No. C 08-04477 RS

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

## I. INTRODUCTION

In this action claiming unpaid wages and overtime, plaintiff Isaias Gasperin seeks leave to amend his complaint to add: (1) the proper corporate name of the entity that has been defending this action under the fictitious business name by which it was sued; (2) two individual defendants whom he contends may be held personally liable under the Fair Labor Standards Act, and; (3) a new claim for relief under the California Private Attorney General Act. This matter is suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1(b). In view of the liberal standard for allowing amendment of pleadings under Rule 15 of the Federal Rules of Civil Procedure and in the absence of irremediable prejudice to defendants, the motion will be granted.

## II.  BACKGROUND

According to the original complaint, Gasperin was employed by a business known as Furniture Mattress Superstore, which allegedly failed to pay him overtime as required by law. "Furniture Mattress Store" is a fictitious business name of DSB Furnishing Decor, Inc. ("DSB"), a fact available in public records at the time the original complaint was filed.  Steve Bui asserts he is and always has been the sole shareholder of DSB.  His father, Don Bui, has also been employed in the business and involved in its management.  The proposed First Amended Complaint and the parties' briefing reveal that Gasperin was originally employed at World Furnishing Decor, a business apparently operated by DSB or its principals prior to the time Furniture Mattress Superstore opened.

## III.  DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Absent any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Rule 15 thus embraces "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id*. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L. C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999). Undue delay, standing alone, is insufficient to justify denial of a motion for leave to amend. *Id*. at 758.

Here, plaintiff's counsel explains that the original complaint was filed without naming any individual defendants because, in counsel's experience, wage and hour claimants such as plaintiff frequently lack sufficient understanding of the precise identities and roles of individual managers to permit informed decision-making as to which, if any, individuals should be named. That explanation is sufficient to overcome the inferences that might otherwise arise from the fact that plaintiff undisputedly knew he had been working under the direction of Steve and Don Bui when the original complaint was filed. Furthermore, although significant time has elapsed between the filing of this action and the bringing of this motion, the record reflects adequate diligence on the part of plaintiff in propounding and obtaining the discovery responses that led to including the individual defendants in the proposed amended complaint.

The opposition correctly notes that leave to add new parties is somewhat less freely given than leave to add new claims. *See Union Pac R.R. Co. v. Nevada Power Co.*, 950 F. 2d 1429, 1432 (9th Cir. 1991). Nevertheless, apart from implying that it was somehow unfair for plaintiff not to disclose earlier that he *might* add new parties, the opposition only points to upcoming discovery deadlines as a basis for finding prejudice. The opposition has *not* articulated with any specificity how the proposed amendment substantially changes the discovery that will need to be completed; indeed, to the contrary, it appears the defense focus has been and will continue to be "on proving Plaintiff's [allegedly] false statements." Moreover, in the event the amendment presents a genuine obstacle to complying with the present discovery deadlines, then defendants will have good cause for seeking relief from those deadlines, by stipulation or, if necessary, by application to the court.[1]

The opposition's contention that Don Bui is not properly a party to this action relies on factual assertions going beyond the pleadings. Although the granting of this motion does not preclude a motion to dismiss for failure to state a claim, it appears that the opposition's arguments

---

[1] Plaintiff is cautioned that in light of this amendment having been granted, he should attempt to accommodate any reasonable request for additional time from defendants. Conversely, defendants are cautioned that nothing in this order should be construed as a conclusion that additional time necessarily will be warranted. The parties are directed to meet and confer, preferably face-to-face, but at a minimum telephonically, should a dispute arise as to whether a continuance of any existing deadline is warranted.

regarding Don Bui's potential liability would most appropriately be made on summary judgment or at trial.

While plaintiff has explained his failure to name individual defendants at the outset as being the result of prudent caution, his failure to identify the corporate defendant through a public records search prior to filing the complaint is arguably less excusable.  However, DSB has identified no potential prejudice to it that might arise from defending the action under its legal name rather than its fictitious business name.

Finally, the opposition challenges the attempt to add a claim under the California Private Attorney General Act as premature, because the deadline for plaintiff's receipt of a "right to sue" letter did not expire until after briefing on this motion was complete.  Plaintiff has not offered any explanation for why he did not commence the administrative remedies process at an earlier date, but, again, any prejudice does not appear to rise to a level that would justify denial of this motion.  On the condition that plaintiff has in fact exhausted his administrative remedies by the date of this order, leave to include the claim under the California Private Attorney General Act will be granted.

### III.  CONCLUSION

The motion for leave to amend is granted.  In the event plaintiff contends he has now exhausted his administrative remedies, he shall forthwith file the amended complaint in the same form as submitted with the motion.  In the event plaintiff has not exhausted his administrative remedies, he shall forthwith file the amended complaint, omitting the claim for relief under the California Private Attorney General Act.

IT IS SO ORDERED.

Dated: 10/5/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE