*E-Filed  6/17/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ISIAS GASPERIN,

        Plaintiff,

  v.

DSB FURNISHING DÉCOR INC., DON BUI, and STEVE BUI, and DOES 1-10,

        Defendant.
_____/

No. C 08-04477 RS

**ORDER REGARDING APPLICATION FOR DEFAULT JUDGMENT**

Defendant DBS Furnishing Décor, Inc. ("DBS") owned and operated various furniture stores over the four year period prior to the filing of the Complaint. Plaintiff Isaias Gasperin ("Gasperin") was employed by DBS as a driver and laborer from 2000 to June 19, 2008. Gasperin moves for default judgment, liquidated damages, waiting time penalties, restitution and damages for inadequate pay statements pursuant to Federal Rules of Civil Procedure Rule 55(b)(2). On June 3, 2010, an evidentiary hearing was held in accordance with Federal Rules of Civil Procedure Rule 55(b)(2), at which counsel for plaintiff presented argument and evidence in favor of default judgment. Despite not having filed any papers in opposition, defendants Steve Bui and Don Bui appeared and argued that a default judgment is improper.

Following entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55. Entry of default judgment is within the court's discretion, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and is governed by the following factors: (1) the merits of a plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) prejudice to a plaintiff; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff has submitted a conclusory, five-paragraph affidavit that fails to state the day he started working for DBS and includes no records in support of his claims. Instead, he simply recalls that he worked an average of 10 hours of overtime every week from an unspecified date until June 19, 2008. This scant record is insufficient to establish the merits of plaintiff's substantive claim under *Eitel*.

Therefore, the Court orders as follows:

1. Plaintiff's application for default judgment is denied without prejudice;

2. The matter is referred to Magistrate Judge Trumbull in the San Jose Division of the Northern District of California, subject to her availability, for a settlement conference to be completed within 90 days, if possible. The parties are referred to Alternative Dispute Resolution Program for a screening telephone call to determine whether this case is appropriate for the Assisted Settlement Conference Program.

3. If defendants wish to oppose plaintiff's application for default judgment, they are to file a motion for relief from the default entry. The Court notes that it makes available to parties representing themselves a "Handbook for Litigants Without a Lawyer" (aka "*Pro Se* Handbook), copies of which are available at the clerk's office or the court's website (www.cand.uscourts.gov).

IT IS SO ORDERED.

Dated: 6/16/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 08-04477 RS
ORDER

3